UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN ROBERT DEMOS, JR.,

          Plaintiff,

v.

DANIEL SATTERBERG,

          Defendant.

CASE NO. **2:22-cv-00271-RAJ-JRC**

REPORT AND RECOMMENDATION

Noting Date: March 25, 2022

Plaintiff John Demos, Jr., a state prisoner, has filed a proposed motion to proceed *in forma pauperis* ("IFP") and a proposed complaint under 42 U.S.C. § 1983. Dkt. 1; Dkt. 1-1.

A prisoner must bring challenges to the validity of his conviction under 28 U.S.C. § 2254. By contrast, a prisoner may challenge his conditions of confinement under § 1983. In his proposed complaint, plaintiff challenges both the validity of his conviction and the conditions of his confinement. So he improperly filed it. Furthermore, in the circumstances of this case, it is not appropriate to construe the proposed complaint exclusively as a § 1983 action, or to treat the proposed complaint exclusively as a § 2254 petition. Consequently, the proposed complaint

should dismissed without prejudice as improperly filed and plaintiff's IFP motion should be denied as moot.

Plaintiff was convicted in 1978 of attempted rape and first-degree burglary and received an indeterminate sentence of 240 months to life in prison. *See State v. Demos*, 619 P.2d 968, 969 (Wash. 1980). Plaintiff is well-known locally and nationally as an abusive litigant. He is under pre-filing bar orders in a number of courts, including this Court, the Eastern District of Washington, the Washington State courts, the Ninth Circuit Court of Appeals, and the United States Supreme Court. *See, e.g.*, *Demos v. Storrie*, 507 U.S. 290, 291 (1993) (per curiam). An order of this Court provides for the return without filing of any petition that seeks an extraordinary writ pursuant to 28 U.S.C. §§ 1651, 2253 or 2254, unless accompanied by the filing fee. *See Demos v. Stanley*, MC97-0031-JLW (W.D. Wash. Mar. 13, 1997) ["1997 Bar Order"]. In addition, plaintiff may submit only three IFP applications and proposed actions each year. *See In re John Robert Demos*, MC91-269-CRD (W.D. Wash. Jan. 16, 1992) ["1992 Bar Order"]. The 1992 Bar Order further provides that this Court will not accept for filing a proposed complaint unless it "is accompanied by an affidavit that the claims have not been presented in any other action in any court and that [plaintiff] can and will produce evidence to support his claims." *Id.* at 3.

"Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under . . . 42 U.S.C. § 1983." *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) (per curiam). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, requests for relief turning on circumstances of confinement may be presented in a § 1983 action." *Id.* (citation omitted). "The [Supreme] Court has long held that habeas is the exclusive vehicle for

REPORT AND RECOMMENDATION - 2

claims brought by state prisoners that fall within the core of habeas, and such claims may not be brought in a § 1983 action." *Nettles v. Grounds*, 830 F.3d 922, 927 (9th Cir. 2016) (en banc) (citation omitted).

Here, plaintiff alleges that the prosecutor in his state criminal case committed several constitutional violations, thereby sending "an innocent man to prison." *See* Dkt. 1-1 at 5–6. Thus, the proposed complaint attacks the validity of his state conviction. But plaintiff also asserts a violation of the Eighth Amendment based on allegations that he is in "imminent danger" of serious injury because his prison is violent. *See id.* at 4–5. Although such allegations may be raised in a § 1983 action, plaintiff improperly combined these allegations with his allegations sounding in habeas. So plaintiff has improperly filed this action. *See Close*, 540 U.S. at 750; *Nettles*, 830 F.3d at 927.

In appropriate cases, courts may dismiss the allegations sounding in habeas and treat the proposed complaint as a § 1983 case. *See Nettles*, 830 F.3d at 936. However, it is improper to do so here because plaintiff did not file the affidavit that the 1992 Bar Order requires.

Likewise, the Court could potentially treat the proposed complaint as a § 2254 action. *See id*. But it is improper to do so here. Contrary to the 1997 Bar Order, plaintiff has not paid the $5 filing fee. Furthermore, plaintiff's present custodian is the proper respondent in a habeas corpus action, *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004), and habeas corpus actions must be filed on this District's form for such actions, LCR 100 (a). Plaintiff has not met these requirements.

In sum, because plaintiff improperly filed it, this case should be dismissed without prejudice. There is no basis for granting IFP on appeal because any appeal of this matter would be frivolous. *See* Fed. R. App. P. 24(a)(3)(A); *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977).

Accordingly, it is **RECOMMENDED** that:

(1) Plaintiff's proposed complaint (Dkt. 1-1) be **dismissed without prejudice as improperly filed**.

(2) Plaintiff's IFP motion (Dkt. 1) be **denied as moot**.

(3) This case be **closed**.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the plaintiff shall have fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **March 25, 2022** as noted in the caption.

Dated this 10th day of March, 2022.

J. Richard Creatura
Chief United States Magistrate Judge